IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

ANTHONY TAYLOR,
              Plaintiff,
vs.

PERRY'S ICE CREAM COMPANY, INC.
ROBERT E DENNING
TIM GOMINIEAK
MIKE LOVELACE
BRIAN PERRY
WILLIAM JAGO

              Defendants

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

1. Plaintiff brings this action under the Civil Rights Act of 1866, 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991, ("Title VII") and New York Human Rights Law, ("NYHRL"), 15 N.Y. Exec. Law §296 et seq. for damages arising from discrimination based on race and the discriminatory terms and conditions of employment imposed by the above captioned Defendants.

## JURISDICTION

2. This Court has jurisdiction pursuant to 42 U.S.C. §1981, Title VII, and this Court's power to assert ancillary and pendant jurisdiction of state law claims based on NYHRL, and pursuant to the common law of New York State.

## VENUE

3. Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391 because Plaintiff resides within this district, Plaintiff's claims arise within this district and Defendants' conduct a substantial and significant amount of business within this district.

## PARTIES

4. Defendant PERRY'S ICE CREAM, INC. ("PERRYS") was or is a New York corporation with its principal place of business located at 1 Ice Cream Plaza Akron, NY 14001.

5. PERRYS was or is an "employer" within the meaning of 42 U.S.C. §1981, 42 U.S.C. §2000e (b) and N.Y.S. Executive Law §292 and employs over 500 persons.

6. At all relevant times, herein mentioned, Defendant ROBERT E DENNING was and/or is an employee of the Company and the General Manager for PERRYS.

7. At all relevant times, herein mentioned, Defendant BRIAN PERRY was and/or is Plaintiff's Manager and/or Supervisor and CEO of PERRYS.

8. At all relevant times, herein mentioned, Defendant TIM GOMINIEAK was and/or is an employee of the Company and Plaintiff's Manager and/or Supervisor.

9. At all relevant times, herein mentioned, Defendants MIKE LOVELACE and WILLIAM JAGO was and/or is an employee of PERRYS and Plaintiff's manager and/or supervisor.

10. At all relevant times, herein mentioned, Plaintiff ANTHONY TAYLOR (the "Plaintiff") is an African American male who is a United States citizen and a resident of the State of New York, who has been injured by the acts and practices described herein.

11. Plaintiff was and/or is an "employee" of the Company as defined by 42 U.S.C. §1981, Title VII, 42 U.S.C. §2000(e) and N.Y.S. Executive Law §292.

12. On November 19th, 2019, Plaintiff dually filed a Charge of Discrimination with the New York State Division of Human Rights ("NYSDHR") and the Equal Opportunity Employment Commission ("EEOC").

13. On September 15th, 2020 the EEOC issued a Notice of Right to Sue.

14. Plaintiff has exhausted his administrative remedies and filed this Complaint within 90 days of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

15. Plaintiff realleges and incorporates by reference, Paragraphs 1-14, above.

16. Plaintiff was originally hired by Perry's on April 1st, 2019 and has worked at the Perrys Ice Cream Manufacturing plant located at 1 Ice Cream Plaza Akron, NY 14001. He was employed as a full time maintenance Technician.

17. At all relevant times herein mentioned, Plaintiff was employed until he was fired from his position on July 26th, 2019.

18. Plaintiff is currently one of only three African-Americans in the maintenance department.

19. Racially offensive terms like "WOP" and "f**king Nigger" and "Nigger" are commonly used and permitted to be used throughout the Company's manufacturing plant.

20. In or about June 2019, Mr. Jaegel stated that when Plaintiff returned to his original shift, he was going to "work like a slave." Mr. Jaegel made this statement in front of Plaintiff's supervisor, Tim Gamineak. Upon information and belief, the company did not take any action.

21. After Plaintiff Observed a Picture in the worksite of Mr. JAGO holding a shot gun and posing in front of a confederate flag, Plaintiff reported it to Mr. GOMINIEAK. The picture remained up and Plaintiff do not believe any action was preventative or corrective active was taken.

22. During Plaintiff's employment, Plaintiff had to ride in Mr. JAGO'S truck. A confederate flag was displayed in the truck.

23. On August 19th, 2019 Plaintiff's employment was terminated. Although, Plaintiff was following company practice, he was cited for not clocking out during lunch. Plaintiff was terminated one day before completing the company's probationary period and entrance into the

union. Plaintiff had been paying union dues taken out of his paycheck the entire employment.

24. Plaintiff alleges Perry's stated reason(s) for the discharge are pretext and that Plaintiff was terminated because he made complaints about discrimination and union practices.

25. After the termination, Perry's would not let Plaintiff retrieve his personal tools which were located in the Maintenance Shop.

26. Plaintiff has repeatedly filed and/or attempted to file complaints relating to the discrimination and loss of personal tools with the Company, but no investigation and/or corrective action was taken by the Company.

27. Plaintiff was blamed for mechanical issues with the machines that were not his fault.

28. Since filing his Complaints with PERRYS, Plaintiff has been continually harassed, discriminated, intimidated and retaliated against by the Defendants by among other things, excessively monitoring, scrutinizing and/or altering Plaintiff's, time sheets and personnel records in an effort to subject him to unwarranted disciplinary action and/or termination.

29. Plaintiff suffers from type 2 diabetes which PERRYS knew about. Since filing his Charges of Discrimination, Plaintiff has been continually harassed, discriminated, intimidated and retaliated against by the Defendants by allocating his sick time towards his vacation time and denying him FMLA.

30. Since filing his Charges of Discrimination, Plaintiff has been continually harassed, discriminated, intimidated and retaliated against by the Defendants by among other things, threatening to fire him as a direct result of his complaints of discrimination.

31. Plaintiff was required to have a training book that was monitored and approved by Plaintiff's manager to make sure work was performed correctly. No negative marks were recorded in his training book regarding any of Plaintiff's work performance. Plaintiff was fired one day before the probation period was over and his admittance into the employee Union. Had Plaintiff

been fired one day after the union would have come to his defense.

32. Defendants have a history, pattern and practice of engaging in race based discrimination.

33. Defendants have engaged in and continue to encourage and foster a policy and practice of race based discrimination. Upon information and belief, Mr. JAGO was previously disciplined for using racial epithets in the workplace.

34. Defendants have engaged in and continue to encourage and foster a policy and practice of failing to investigate or taking seriously complaints of race based discrimination.

## COUNT I
## 42 U.S.C. §1981

35. Plaintiff realleges and incorporates by reference paragraphs 1-34 above.

36. Defendants have discriminated against Plaintiff by denying him the same rights as enjoyed by Caucasian employees with regard to the making, performance and/or modification of his employment relationship with Defendants and with regard to the enjoyment of all benefits, privileges, terms and conditions of that relationship in violation of the Civil Rights Act of 1866 as amended, 42 U.S.C. § 1981.

37. Defendants' conduct has been intentional, deliberate, willful and conducted in callous disregard of the rights of Plaintiff under the law.

38. By virtue of Defendants' conduct as alleged herein, Plaintiff has been injured.

## COUNT II
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. §2000(e) et seq.

39. Plaintiff realleges and incorporates by reference, paragraphs 1-38 above.

40. Defendants have discriminated against Plaintiff with respect to the terms and conditions of employment because of his race, in violation of Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991.

41. Defendants' conduct has been intentional, deliberate, willful and conducted in callous disregard of the rights of Plaintiff under the law.

42. By virtue of Defendants' conduct as alleged herein, Plaintiff has been injured.

## COUNT III
## NEW YORK HUMAN RIGHTS LAW
## 15 NEW YORK EXECUTIVE LAW §291 ET SEQ.

43. Plaintiff realleges and incorporates by reference paragraphs 1-42 above.

44. Defendants have discriminated against Plaintiff by denying him the same rights as enjoyed by Caucasian employees with regard to the terms and conditions of his employment in violation of 15 New York Executive Law §291 et seq.

45. Defendants' conduct has been intentional, deliberate, willful and conducted in callous disregard of the rights of Plaintiff under the law.

46. By virtue of Defendants' conduct as alleged herein, Plaintiff has been injured.

## COUNT IV
## NEW YORK HUMAN RIGHTS LAW
## AIDING AND ABETTING

47. Plaintiff realleges and incorporates by reference paragraphs 1-46 above.

48. Defendants ROBERT E DENNING, TIM GOMINIEAK, MIKE LOVELACE, BRIAN PERRY, WILLIAM JAGO were all managers and/or supervisors of the Plaintiff for the Company during all relevant times mentioned herein.

49. Defendants ROBERT E DENNING, TIM GOMINIEAK, MIKE LOVELACE, BRIAN PERRY, WILLIAM JAGO aided and abetted the Company in its Discriminatory, hostile and retaliatory conduct against the Plaintiff.

50. Defendants ROBERT E DENNING, TIM GOMINIEAK, MIKE LOVELACE,

BRIAN PERRY, WILLIAM JAGO directly participated in and/or condoned the discriminatory, hostile and retaliatory conduct against the Plaintiff.

51. The acts and/or omissions of Defendants' ROBERT E DENNING, TIM GOMINIEAK, MIKE LOVELACE, BRIAN PERRY, WILLIAM JAGO were intentional, willful, reckless, and discriminatory in nature.

52. The acts and/or omissions of Defendants' ROBERT E DENNING, TIM GOMINIEAK, MIKE LOVELACE, BRIAN PERRY, WILLIAM JAGO were intentional, willful, reckless, and directly motivated by Plaintiff's race and/or in retaliation for Plaintiff's complaints of discrimination.

53. The above mentioned discriminatory acts and illegal conduct by the Company could not have been effectuated and/or carried out without the knowledge, aiding and/or abetting of Defendants' ROBERT E DENNING, TIM GOMINIEAK, MIKE LOVELACE, BRIAN PERRY, WILLIAM JAGO

54. By virtue of Defendants' conduct as alleged herein, Plaintiff has been injured.

## COUNT V
## RETALIATION

55. Plaintiff realleges and incorporates by reference paragraphs 1-54 above.

56. Defendants' acts and/or omissions were intentional, willful, reckless, and discriminatory in nature and were directly motivated by Plaintiff's complaints of discrimination against the Defendants.

57. Defendants' acts and/or omissions were in direct retaliation for Plaintiff's complaints of discrimination against the Defendants.

58. 42 U.S.C. §1981, Title VII and NYHRL guarantee protection of the law against retaliation for complaints of discrimination on the basis of race in employment practices.

59. By virtue of Defendants' conduct as alleged herein, Plaintiff has been injured.

## COUNT VI
## HOSTILE WORK ENVIRONMENT

60.     Plaintiff realleges and incorporates by reference paragraphs 1-59, above.

61.     Defendants' acts and/or omissions were and continue to be intentional, willful, reckless, and discriminatory in nature and directly motivated by Plaintiff's race.

62.     Defendants' acts and/or omissions were and continue to be pervasively hostile, intimidating and offensive to Plaintiff.

63.     Defendants' acts and/or omissions would be perceived as hostile and offensive to a reasonable person similarly situated as the Plaintiff.

64.     Defendants' acts and/or omissions were and continue to be sufficiently intimidating, severe, pervasive, insulting and discriminatory as to alter the conditions of Plaintiff's employment and to create a hostile and abusive working environment.

65.     By virtue of Defendants' conduct as alleged herein, Plaintiff has been injured.

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

66.     Plaintiff realleges and incorporates by reference paragraphs 1-65 above.

67.     Defendants' acts and/or omissions were intentional, willful, reckless, and discriminatory in nature and directly motivated by Plaintiff's race

68.     Defendants' acts and/or omissions were intimidating, pervasive, extreme and outrageous and intended to cause severe emotional distress to the Plaintiff.

69.     Defendants' acts and/or omissions were deliberately reprehensible and atrocious and in direct retaliation for Plaintiff's complaints of race based discrimination.

70.     By virtue of the foregoing, Plaintiff has suffered severe emotional and physical distress.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

a. Awarding Plaintiff back wages for denial of overtime and failure to promote;

b. Awarding Plaintiff compensatory damages in the amount of $20,000,000.00;

c. Awarding Plaintiff punitive damages in the amount of $20,000,000.00;

d. Awarding attorneys fees and reimbursement of costs associated with this action to Plaintiff's Counsel;

e. Awarding Plaintiff such other and further legal and equitable relief as may be appropriate in the interest of justice.

DATED:   November 13, 2020
         Buffalo, New York

Matthew A. Lazroe, Esq.
Attorney for Defendant
43 Court Street, Suite 1111
Buffalo, NY 14202
716-989-0090

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK
COUNTY OF ERIE
CITY OF BUFFALO

     ANTHONY TAYLOR being duly sworn, deposes and says: that deponent is Plaintiff in the within action; that deponent has read the foregoing Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

*[signature]*
ANTHONY TAYLOR
841 GEORGE URBAN
CHEEKTOWAGA, NY 14225

Sworn to before me this
13 Day of NOVEMBER, 2020

*[signature]*, Notary Public

Matthew A. Lazroe
Notary Public, State of New York
No. 02LA6143766
Qualified in Erie County
Commission Expires 04/17/2021